# Equimed Inc. v. Steadfast Insurance Co.

C.P. of Centre County, no. 1999-0585.

*Jeffrey W. Stover, Peter Konolige, Jamie Lenzi* and *Marcy L. Colkitt,* for plaintiffs.

*Lee C. Nollau, David M. Gische, Jodi L. Cleesattle, Benjamin C. Eggert, Joseph P. Green* and *Daniel J. Stanish,* for defendants.

GRINE, *J.,* July 18, 2003—Before the court is defendant Steadfast's motion for reconsideration of the court's April 8, 2003 order, which rescinds a previously amended order and takes the parties back to an order signed March 12, 2003. The court denies the reconsideration and sets forth below its reasoning and a more detailed order directing production of discovery.

There are two discovery principles at issue here. Defendant is asserting the attorney-client privilege and the attorney work product exclusion to withhold from plaintiffs documents in defendant's possession pertaining to the main issues in this case. Attorney-client communications and attorney work product are not "plainly and indisputably protected from discovery" as defendant states in its motion for reconsideration. (Para. 4.) The attorney-client privilege has been codified in Pennsylvania at 42 Pa.C.S. §5928. The statute reads: "In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." 42 Pa.C.S. §5928. However, communications from an attorney to his client are not privileged except where they would contain reiterations or prior statements by the client to his attorney. *Eisenman*

*v. Homberger,* 44 D.&C.2d 128 (Lycoming Cty. 1967). The criteria to be met for the attorney-client privilege to apply are set forth in *United States v. United Shoe Machinery Corp.,* 89 F. Supp. 357, 358-59 (D. Mass. 1950), and have been adopted by Pennsylvania courts, as in *Hopewell v. Adebimpe,* 18 D.&C.3d 659, 660-61 (1981):

"The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the lawyer was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

In this matter, the court finds that no attorney-client privilege exists between defendant and its employee claims analysts and claims managers who also happen to be attorneys. These employees were not acting as lawyers for defendant in analyzing plaintiffs' claim, and have so stated in depositions. Furthermore, "where . . . counsel is integrally involved in claims handling, the facts of the insurance company's dealing with its insured cannot be insulated from discovery." *General Refractories Co. v. Fireman's Fund Insurance Co.,* 45 D.&C.4th 159, 170 (Phila. Cty. 2000). The documents that plaintiffs seek from the claims analysts and managers go to the heart of plaintiffs' case and cannot be excluded from discovery.

The work product doctrine is codified in Rule 4003.3 of the Pennsylvania Rules of Civil Procedure. This rule states in pertinent part:

"Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his attorney . . . insurer or agent. The discovery shall not include disclosure of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his mental impressions, conclusions, or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics." Pa.R.C.P. 4003.3.

The protection of either an attorney's or representative's work product, however, is not absolute. The explanatory note to Rule 4003.3 states that work product may be discoverable in "situations under the rule where the legal opinion of an attorney becomes a relevant issue in an action; . . . ." The note goes on to state that the legal opinion becomes a relevant piece of evidence, and is not protected against discovery. Pa.R.C.P. 4003.3 explanatory comment 1978.

Under *McAndrew v. Donegal Mutual Insurance Co.,* 56 D.&C.4th 1 (Lacka. Cty. 2002), the only documents that are protected under the work product doctrine are counsel's mental impressions regarding the merits of the bad faith claim—but *not* the mental impressions, opinions or conclusions relating to the insurers' processing

of the claim, its investigation of benefits and its justification for denial of benefits.

Defendant claims discovery of work product documents is not automatic simply because plaintiffs have asserted a bad faith claim. Defendants are correct; however, plaintiffs have done more than merely asserted an "unfounded" claim of bad faith. Plaintiffs have laid out detailed allegations in their pleadings, supported with documentation and relevant law that suggest there is merit to their claim. The court finds that all documents directly pertaining to the processing and decision on denial of benefits to plaintiffs are discoverable.

## ORDER

And now, July 18, 2003, it is ordered that defendant Steadfast's motion for reconsideration of the court's April 8, 2003 order is hereby denied.

It is further ordered that defendants Steadfast have 20 days from the date of this order to disclose to plaintiffs all documents that pertain to the above captioned matter, including those documents listed on Steadfast's privilege log, of claims adjusters, claims analysts, claims managers and the like, whether or not these employees have a law degree or carry the designation "esquire" after their names. This specifically includes, but is not limited to, documents on the privilege log of Claire Cullen, Mary Anne Mullin and David Siesko.

It is further ordered that defendants Steadfast have 20 days from the date of this order to disclose to plaintiffs all documents in Steadfast's possession from outside counsel, including those documents listed on Steadfast's privilege log, that pertain specifically to Steadfast's decisions on its denial or extent of coverage to Equimed in this matter.